UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALLEN L. EHRENBERG,

        Plaintiff,

v.                                                       Case No. 10-C-1022

WISCONSIN DEPARTMENT OF
CORRECTIONS,

        Defendants.

## MEMORANDUM AND ORDER

Plaintiff Allen Ehrenberg, who is proceeding pro se, lodged a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at the Green Bay Correctional Institution.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. Further, he has been assessed and has paid an initial partial filing fee of $14.61.

Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to

the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Here plaintiff alleges that he was given the wrong medication while in custody. Plaintiff alleges that the "[Department of Corrections] gave me the wrong dosage of meds should have been a 10mg dose but gave me 20mg." (Complaint at ¶ IV B.) This court construes his complaint as an allegation of deliberate indifference to an inmate's serious medical needs under the Eighth Amendment. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Deliberate indifference has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the health care provider must be subjectively aware of and consciously disregard a risk to the inmate's health or safety. *Id* at 837.

Plaintiff's claim will be dismissed because it does not set forth cognizable constitutional claims. The gravamen of plaintiff's complaint is that prison medical personnel were negligent, i.e., they should have known that he needed a lower of medication dose and that they mistakenly gave him the wrong medication. No amount of evidence can transform these facts into a viable deliberate indifference claim. *See Gutierrez v. Peters,* 111 F.3d 1364, 1374 (7th Cir.1997) (allegations of negligence or medical malpractice do not state an Eighth Amendment claim); *Ingram v. Brewer*, Slip Copy, 2009 WL 464491 (E.D. Cal) (inmate failed to state a § 1983 claim since he alleged at

3

most negligence by claiming prison employee injected him with the wrong medication). Here plaintiff's claim alleges no more than negligence in administering medicine; as such his claim falls short of alleging a state of mind that anyone intentionally or recklessly disregarded his serious medical needs.

Further, plaintiff does not allege the requisite personal involvement of the defendant(s) he has sued. Here plaintiff does not name a single defendant that had any personal involvement with his claim. Instead he merely claims that the Wisconsin Department of Corrections "gave me the wrong dosage of medication". (Complaint at ¶ IV A.) Liability under § 1983 must be based on a defendant's personal involvement in the constitutional violation. *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995). Because the complaint alleges no personal involvement on the part of the defendant(s), it will be dismissed. *See Johnson v. Supreme Court of Illinois,* 165 F.3d 1140, 1141 (7th Cir.1999) ("states and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983").

In sum, because plaintiff has failed to set forth cognizable constitutional or federal claims, the case will be dismissed.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $335.39 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00

in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted

**IT IS ORDERED** that the clerk of court document that this inmate has brought an action that was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated this   7th   day of December, 2010.

s/ William C. Griesbach
William C. Griesbach
United States District Judge